THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re RAGHAVENDRAN SHANKAR | CASE NO. MC24-0074-JCC<br><br>ORDER |

This matter comes before the Court on Raghavendran Shankar's recent proposed complaints (Dkt. Nos. 6, 7), along with his motion to recuse (Dkt. No. 8). Under the Court's vexatious litigant order (Dkt. No. 1), the Court shall screen any complaint Mr. Shankar files in this District against Microsoft Corporation, any of its affiliate companies and current or former employees, or any attorneys for Microsoft, prior to the issuance of summons or service of process. (*See id*. at 3.)

Once again, Mr. Shankar's proposed complaint (Dkt. No. 6) and proposed amendment thereto (Dkt. No. 7) fail to comply with the requirements imposed in the Court's vexatious litigant order. (*See* Dkt. No. 1 at 3) (*see also generally* Dkt. No. 5) (the Court previously declined to authorize summons and service where Mr. Shankar's proposed complaints did not comply with the Court's vexatious litigant order). The newly proposed complaints, like the last, lack a clear statement of the factual and legal basis for each asserted claim. (*See generally* Dkt. Nos. 6,

7.) More importantly, Mr. Shankar concedes the claims are related to those the Court already dismissed with prejudice, (Dkt. Nos. 6 at 1, 7 at 1) (the proposed claims "are related to claims in 2:24-cv-00308-JCC"), but he fails to explain "why each claim is not barred by collateral estoppel, *res judicata*, and/or an applicable immunity." (Dkt. No. 1 at 3.) Accordingly, the Court DECLINES Mr. Shankar's request to open a case based on the proposed complaints (Dkt. Nos. 6, 7) and, correspondingly, DECLINES to allow for issuance of summons or service of process on those complaints.

Additionally, the Court construes Mr. Shankar's motion to recuse (Dkt. No. 8) as seeking the Court's recusal from the following matter: *Raghavendran Shankar v. Microsoft Corporation*, Case No. C24-0308-JCC (W.D. Wash. 2024). Under this Court's Local Rules, a judge subject to a recusal motion under 28 U.S.C. § 455 will first "review the motion papers and decide whether to recuse voluntarily." LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge." *Id*. In turn, under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Ninth Circuit, the inquiry is further refined to ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). As such, a litigant may question a judge's impartiality in many creative ways—but relying on an adverse judicial ruling is not one of them. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Yet that appears to be the precise basis for which Mr. Shankar seeks the undersigned's recusal.

Indeed, in as much as the Court can glean, Mr. Shankar remains unhappy with the undersigned judge's adverse ruling(s) against him and the subsequent vexatious litigant order. (*See* Dkt. No. 8 at 1) ("Judge Coughenour . . . shows partiality to the Defendant by failing to make [Mr. Shankar's] habits of disability and religion admissible" and "[t]he partiality is understood to have occurred upon the Court implementing a monitoring program for this case.").

This is insufficient to reasonably question the undersigned's impartiality or otherwise find an appearance of bias. *See Liteky*, 510 U.S. at 555; *see also Holland*, 519 F.3d at 913.

The undersigned judge therefore DECLINES to voluntarily recuse himself and refers Mr. Shankar's motion to recuse (Dkt. No. 8) to Chief Judge Estudillo. The Clerk is DIRECTED to provide a copy of this order to Chief Judge Estudillo.

DATED this 8th day of April 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE