UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IN RE RAGHAVENDRAN SHANKAR, | CASE NO. 2:24-mc-00074-JCC<br><br>ORDER AFFIRMING DENIAL OF RECUSAL |

This matter comes before the Court on Judge Coughenour's denial (Dkt. No. 10) of Plaintiff's motion to disqualify (Dkt. No. 8.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Coughenour's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING DENIAL OF RECUSAL - 1

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff has previously been declared a vexatious litigant (Dkt. No. 1), and his motion articulates no discernible, non-frivolous basis for recusal. (*See generally*, Dkt. No. 8.) Construed very liberally, Plaintiff's motion appears to disagree with Judge Coughenour's prior rulings and handling of Plaintiff's cases. But that is not a valid basis for recusal. Rather, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "A party cannot manufacture grounds for recusal by fantastic allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge." *Royer v. Pennsylvania State Univ.*, No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) (internal citation omitted).

Accordingly, the Court AFFIRMS Judge Coughenour's denial (Dkt. No. 10) of Plaintiff's motion to disqualify (Dkt. No. 8).

Dated this 21st day of April, 2025.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL - 3